In *re* ESTATE OF ETHEL M. KINER, Deceased.—(UNION NATIONAL BANK OF STREATOR, Ex'r of the Last Will and Testament of Ethel M. Kiner, Plaintiff-Appellant, *v.* MELVIN PAYNE, Defendant-Appellee.)

Third District    No. 80-185

Opinion filed February 26, 1981.

Robert E. White, of White & Marsh, of Ottawa, for appellant.

R. J. Lannon, Jr., and John S. Duncan, both of Herbolsheimer, Lannon, Henson & Duncan, P. C., of La Salle, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

Testator, Ethel M. Kiner, specifically provided in her will that her tenant, Melvin Payne, could buy a certain 160-acre farm from her estate for the stated price of $96,000. Since the farm was valued at $400,000 for Federal estate tax purposes, it is understandable that Payne might choose to exercise his option. He did. He bought the farm.

■■ The executor then brought this action against Payne for the Federal estate taxes attributable to the $400,000 farm of $73,806.54.

It is equally understandable that Payne might choose to resist this claim for an additional $73,806.54. And so he did. He didn't pay. Payne's refusal to come up with the additional money claimed by the executor was not grounded in mere tightfistedness. He based his refusal on the undisputed rule in Illinois that, as between various probate assets, the burden of Federal estate tax falls on the residuary estate. Since the residuary estate was sufficient to pay the Federal estate taxes in full, Payne pointed out that there was no occasion to look to what was specifically set aside for him for contribution.

Executor, however, propounded a carefully constructed rationale supporting its claim for tax contribution. The argument is both novel and silly. It goes like this: It is true that specific bequests are not generally charged with death taxes when the residuary estate is sufficient to pay them. However, the law is also clear that nonprobate assets of a decedent which generate tax liability are subject to equitable apportionment of taxes. An example of such a nonprobate asset would be joint tenancy property. The farm in question, being subject to Payne's testamentary option, is a nonprobate asset. Hence, it is subject to equitable apportionment of taxes.

The trial judge ruled for Payne. He found that the property in question was a probate asset. An examination of the record shows that the trial judge was correct.

Ethel M. Kiner died on October 18, 1975. Her will was duly admitted to probate on December 8, 1975. Article Sixth of that will stated in relevant part:

"I hereby direct my hereinafter-named executor to offer for sale to

my tenant, MELVIN PAYNE, that part of my real estate, legally described as:

> The Southwest Quarter of Section 14 Township 32 North, Range 3 East of the Third Principal Meridian, La Salle County, Illinois, containing 160 acres more or less,

at a price of $600.00 per acre, or a total selling price of $96,000.00. If the said MELVIN PAYNE accepts the offer to purchase said land at the sum of $96,000.00, said transaction shall be completed within six months after the date of my death, meaning that the selling price shall be paid, a title policy purchased, and the deed delivered to said purchaser within six months as hereinabove set forth. I then direct my hereinafter-named executor to divide the net proceeds from said sale as a part of the residue of my estate, according to the directions given my executor in Clause Tenth of my Will."

The executor filed an inventory in the estate on February 17, 1976, listing as an asset the real estate described in section Six of the last will and testament of Mrs. Kiner. The 160-acre farm was valued for Federal estate tax purposes at $400,000. The total gross estate for Federal estate tax purposes amounted to the sum of $1,063,597.66. The Federal estate tax return was timely filed and payment of the total estate tax was made in the sum of $258,245.40.

By a letter dated December 16, 1975, and filed in the probate court on December 22, 1975, the defendant, Melvin Payne, notified the executor of his intention to purchase the farmland for the $96,000 price pursuant to the provisions of the will. The executor filed and had a special bond approved by the probate court in conjunction with the sale of the real estate, and the property was subsequently conveyed by an executor's deed to the defendant, Melvin Payne.

Mrs. Kiner, at the time of her death, was the sole owner of a fee simple interest in the real estate in question. As such, the property became a probate asset subject only to the terms of her last will and testament.

■■ If Mrs. Kiner had devised the farm outright to Payne, it would inarguably have been a probate asset. It is no less a probate asset because Payne has been given the right to purchase the farm for less than full market value. The purchase price of $96,000, indeed, does go into the residue of the estate and is available to the executor for taxes, debts and costs of administration. Interestingly, and whether planned or coincidental, that sum turns out to be adequate to cover the tax liability attributable to this asset. Perhaps Mrs. Kiner and the attorney who drew her will deserve more credit than the executor is willing to give them. The tenant ends up with the farm but pays to the estate a sum adequate to

cover the taxes and costs of administration attributable to that asset. Careful planning or careless oversight? No one can say.

In any event, judgment of the trial court for defendant Melvin Payne is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.